1

2

3

4

5                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
6                                        AT SEATTLE

7     ZAKEE SHAKIR,

8                          Plaintiff,            Case No. C18-0715-RSM-MAT

9            v.

10    DANIEL T. SATTERBERG, *et al.*,            REPORT AND RECOMMENDATION

11                         Defendants.

12

13                    INTRODUCTION AND SUMMARY CONCLUSION

14          This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Zakee

15    Shakir has been granted leave to proceed with this action *in forma pauperis*.  Service has not been

16    ordered.   This Court, having reviewed plaintiff's complaint, and the balance of the record,

17    concludes that plaintiff has failed to state a cognizable ground for relief in this action.  This Court

18    therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice,

19    pursuant to 28 U.S.C. § 1915(e)(2)(B).

20                                       DISCUSSION

21          On May 16, 2018, plaintiff presented to this Court for filing a civil rights complaint under

22    42 U.S.C. § 1983.  (Dkt. 1.)  Plaintiff, who is currently awaiting trial in King County Superior

23    Court on a charge of second degree assault, alleged in his complaint that he has been illegally

REPORT AND RECOMMENDATION - 1

1    imprisoned for the past 11 months based on false statements set forth in the prosecuting attorney's

2    certification for determination of probable cause, and he claimed that he is innocent of the offense

3    pursuant to which he is currently confined. (*See* Dkt. 1-1 at 3.)  Plaintiff identified King County

4    Prosecuting Attorney Daniel Satterberg, and his own attorney, Josephine Wiggs-Martin, as

5    defendants in this action. (*See id*. at 1-2.) Plaintiff requested $1 million in damages for each month

6    of his unlawful confinement, and he also asked that the record of this "false case" against him be

7    expunged.  (*Id*. at 4.)

8         After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a

9    cognizable ground for relief under § 1983 and, thus, the Court issued an Order directing plaintiff

10   to show cause why this action should not be dismissed.  (Dkt. 6.)  Plaintiff was advised in the

11   Order to Show Cause that resolution of the claims asserted in his complaint would necessarily

12   result in this Court becoming involved in his ongoing state court proceedings, and that federal

13   courts will generally not intervene in a pending state court criminal proceeding absent

14   extraordinary circumstances where the danger of irreparable harm is both great and immediate.

15   (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Plaintiff was further advised that his

16   complaint did not reveal any extraordinary circumstances which would justify this Court's

17   intervention in his ongoing state court criminal proceedings.  (*Id*.)  Finally, plaintiff was advised

18   that he had not identified any viable defendants in his complaint.  (*Id*. at 2-3.)  In this regard,

19   plaintiff was advised that the prosecutor, Daniel Satterberg, was immune from liability in this

20   action and that plaintiff's own attorney, Josephine Wiggs-Martin, was not properly deemed a state

21   actor for purposes of § 1983. (Dkt. 6 at 2-3.)  Plaintiff was granted thirty days to file a response

22   to the Order to Show Cause.  (*Id*.)

23        Plaintiff filed a timely response to the Order to Show Cause on June 13, 2018.  (Dkt. 7.)

REPORT AND RECOMMENDATION - 2

1    In his response, plaintiff indicates that he would like to dismiss Mr. Satterberg and Ms. Wiggs-

2    Martin as defendants, and amend his complaint to add Federal Way Police Officer Richard Adams

3    as the new defendant. (*See id.*)  Plaintiff contends that Officer Adams is the individual who signed

4    the prosecuting attorney's certification for determination of probable cause which contained false

5    statements and resulted in plaintiff's current unlawful incarceration. (*Id.*)

6         While plaintiff has arguably identified a viable defendant in his response to the Order to

7    Show Cause, the fact remains that resolution of the claims asserted in this action would necessarily

8    result in this Court becoming involved in plaintiff's ongoing state court proceedings.  And, once

9    again, plaintiff has not identified any extraordinary circumstances which would justify this Court's

10   intervention in those proceedings.  Accordingly, plaintiff has not alleged a cognizable ground for

11   relief under §1983, and this action must therefore be dismissed.

12        The Court notes that plaintiff filed a motion for appointment of counsel together with his

13   response to the Order to Show Cause. (Dkt. 9.)   However, the Court can request counsel to

14   represent a party proceeding *in forma pauperis* only in exceptional circumstances.  *Wilborn v.*

15   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th

16   Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).   A finding of exceptional

17   circumstances requires an evaluation of both the likelihood of success on the merits and the ability

18   of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

19   *Wilborn*, 789 F.2d at 1331.  Plaintiff has demonstrated ample ability to articulate his claims, there

20   is simply no claim upon which he may proceed at this time.  Plaintiff's motion for appointment of

21   counsel must therefore be denied.

22                                CONCLUSION

23        Based on the foregoing, this Court recommends that plaintiff's complaint and this action

REPORT AND RECOMMENDATION - 3

1   be dismissed without prejudice, under § 1915(e)(2)(B), for failure to state a cognizable ground for

2   relief.  The Court further recommends that plaintiff's motion for appointment of counsel be denied.

3   A proposed order accompanies this Report and Recommendation.

4                                                  OBJECTIONS

5          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

6   served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

7   and Recommendation is signed.  Failure to file objections within the specified time may affect the

8   right to appeal.  Objections should be noted for consideration on the District Judge's motions

9   calendar for the third Friday after they are filed.  Responses to objections may be filed within

10  **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be

11  ready for consideration by the District Judge on **August 10, 2018**.

12         DATED this 13th day of July, 2018.

13

14                                            Mary Alice Theiler
                                              United States Magistrate Judge
15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 4